UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,                    :

               Respondent,                    :        S1 06 Cr. 102 (RPP)

    -v.-                                         :

ROSA ABREU,                                  :

              Petitioner                     :
-----------------------------------------------------------x


MEMORANDUM OF LAW IN OPPOSITION
TO ROSA ABREU'S MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE



PREET BHARARA
United States Attorney
for the Southern District of New York


ANDREW S. DEMBER
Assistant United States Attorney
   Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,         :

        Respondent,         :        S1 06 Cr. 102 (RPP)

  -v.-         :

ROSA ABREU,         :

        Petitioner         :
-----------------------------------------------------------x

### MEMORANDUM OF LAW IN OPPOSITION TO ROSA ABREU'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The Government respectfully submits this memorandum of law in opposition to the motion for early termination of supervised release filed *pro se* by Rosa Abreu.   In her motion, Abreu argues that she is entitled to early termination of her two-year term of supervised release because (1)  she has complied with all conditions of her supervised release and early termination would be consistent with "current policy"; (2) she is the sole care-giver for her mother who suffers from a serious medical problem and will receive treatment in the Dominican Republic, where Abreu will need to travel to care for her; and (3) early termination will

enable her to find more suitable employment than she now has, which will enable her to meet her financial obligations.

As set forth below, Abreu is not entitled to early termination of her supervised release term and her motion should be denied.

## Background

As the Court will recall, on October 23, 2007, Abreu pleaded guilty to Counts One, Two, Twelve, Thirteen, and Fourteen of Indictment S1 06 Cr. 106 (RPP), which charged her with conspiracy to commit embezzlement and money laundering, in violation of Title 18, United States Code, Section 371; embezzlement, in violation of Title 18, United States Code, Section 666(a)(1)(A); and money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).  By her guilty plea, Abreu admitted to her participation in a scheme, that commenced in January 1999 and continued through September 2005, in which she and her partners embezzled more than $9 million from the Office of the Chief Medical Examiner for the City of New York (the "OCME") and then laundered that stolen money through various individuals and real and fictitious companies to conceal their crimes and enrich themselves.  Included among the more than $9 million stolen from the OCME, were millions of dollars provided to the OCME by the Federal Emergency Management Agency to assist in responding to the terrorist attacks on the World Trade Center on September 11, 2001.  On

October 24, 2008, this Court sentenced Abreu to concurrent terms of imprisonment of 60 months on Count One and 70 months on each of Counts Two, Twelve, Thirteen, and Fourteen, which the Court ordered to be followed by concurrent terms of two years' supervised release, and also imposed a mandatory $500 special assessment.   This Court also ordered that Abreu make restitution in the amount of $1,414,031, and forfeit $1,414,031.  Abreu was released from prison and commenced supervised release on February 22, 2013.

## Applicable Law

As the Court is well aware, it may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States* v. *Lussier* 104 F.3d 32, 36 (2d Cir. 1997) (holding that pursuant to section 3583(e), a district court may permit the early discharge of a defendant from supervised release "in order to account for unforeseen circumstances").  Early discharge is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. *See Lussier*, 104 F.3d at 36.  Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment

goals. *Id.* The determination to terminate a term of supervised release early is within the discretion of the district court. *Id.*

In deciding whether to grant a request for early termination of supervised release, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(c), (a)(2)(D), (a)(4), (a)(5), and (a)(6). 18 U.S.C. § 3583(e). Early termination is not warranted as a matter of course and is only "occasionally" justified due to the "changed circumstances" of a defendant. *Lussier*, at 36; *see also United States* v. *Gross*, 2012 WL 259923, at *2 (E.D.N.Y. Jan. 27, 2012); *United States* v. *Rasco*, 2000WL 45438 at *1 (S.D.N.Y. Jan. 19, 2000); *United States* v. *Herrera*, 1998 WL 684471, at *2 (S.D.N.Y. Sept. 30, 1998) ("Early termination [of supervision] is not warranted as a matter of course.").

## Discussion

While Abreu has completed a one-year period of supervised release and is therefore potentially eligible for early release, there is no compelling reason to terminate her supervised release early. Abreu's application does not identify any extraordinary conduct or unforeseen harsh consequences stemming from her supervised release that would warrant its early termination. Nor has Abreu identified any compelling reason why her continuation on supervised release is unduly burdensome to such an extent that it no longer serves this Court's original punishment goals.

Abreu first argues that her supervised release should be terminated because she has complied with all the conditions of supervised release, paid her special assessment and complied with the Court's restitution order, maintained stable employment, complied with drug testing, and thereby meets what she claims are the nine criteria "to assist probation officers in their consideration for early termination." She is wrong. As stated above, "[e]arly termination is not warranted as a matter of course," *United States* v. *Herrera,* 1998 WL 684471 at \*2, and Abreu has failed to show that there is a "new or unforeseen circumstance," such as "exceptionally good behavior," *Lussier,* at 32, that entitles her to early termination. Even if a defendant's record on probation is "apparently unblemished, this alone cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule." *United States* v. *Medina*, 17 F.Supp2d 245, 247 (S.D.N.Y. 1998); *see also United States* v. *Gerritson*, 2004 WL 2754821 (S.D.N.Y. Dec. 1, 2004). While Abreu apparently has complied with all conditions of supervised release, maintained employment, and complied with the financial penalties imposed by the Court, such conduct is what is expected of her and all others serving a term of supervised release, and, as such, is far from extraordinary. *United States* v. *Rasco*, 2000 WL 45438 (S.D.N.Y. Jan. 19, 2000), at \*2; *United States* v. *Harris,* 689 F.Supp.2d 692, 694 (S.D.N.Y. 2010); *United States* v. *Liriano*, 2010 WL 532517 (S.D.N.Y. Feb. 11, 2010); *see also*

5

*United States* v. *Gross,* 2012 WL 259923 (E.D.N.Y. Jan. 27, 2012) at *2  ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.").

Abreu next argues that early termination is appropriate because her mother, who is ill, will, at some unspecified time in the future, be receiving medical treatment in the Dominican Republic and Abreu will need to go there to care for her.   She claims that early termination will allow her to do that.  This claim is unpersuasive.  In the first instance, Abreu fails to explain why her two brothers, with whom she has a "very good" relationship cannot care for their mother. *See* Presentence Report, ¶ 71.  She also fails to advise the Court of when her mother will undergo the medical treatment, the nature of the care that a family member will need to provide, or an estimate of the amount of time that she would need to be in the Dominican Republic.  Most significantly, to the extent that indeed only she can care for her mother, Abreu fails to explain why early termination of supervised release is even necessary.  The Government has no objection to Abreu going to the Dominican Republic to care for her mother while on supervised release and periodically reporting to her probation officer by telephone.  *See United States Liriano*, 2010 WL 532517 at *2 (early termination denied for defendant who was permitted to visit his mother in the Dominican Republic to care

for her while on supervised release).  *United States* v. *Rasco*, 2000 WL 45438 at *2

(defendant had reporting requirement adjusted to consist of only a monthly

telephone call to his supervising officer).

   Abreu finally argues that the Court should terminate her term of supervised

release because supervised release makes it difficult for her to "find a job that fits

her education and experience."   Abreu makes the conclusory claim, unsupported

by any evidence, that she was denied a position with AT&T when she disclosed

her "status/conditions."  *Id.*   Significantly, she does not establish that her "status"

of being on supervised release caused her to lose the AT&T job, rather than her

"status" as a convicted felon, with convictions for embezzlement and money

laundering resulting in a 70-month prison sentence.  The fact that supervised

release makes it difficult to find new employment is not a reason to grant early

termination.  *See United States* v. *Gross*, 2012 WL 259923 at *2.   The possibility

that Abreu might be denied another job in the future because of the fact that she is

serving a term of supervised release is speculative at best and not a reason for

termination.  *See United States* v. *Rasco*, 2000 WL 45438 (S.D.N.Y. Jan. 19, 2000)

at *2 (defendant's suggestion that in the future supervised release might prevent

him from obtaining more lucrative employment was not a valid reason for

termination); *compare United States* v. *Harris*, 689 F.Supp.2d 692, 695 (S.D.N.Y.

2010) (defendant established "convincingly that being on supervised release not

only create[d] multi-faceted obstacles to his advancing in his company and the petroleum industry, which seemingly against the odds he has rejoined, but also place[d] his employment at hazard in the present economic downturn.")

Finally, the denial of Abreu's request to terminate her term of supervised release will ensure that she continues to comply with her restitution obligations, which are substantial in this case.

## Conclusion

For the foregoing reasons, Abreu's motion for early termination of supervised release should be denied.

Dated:      New York, New York
            April 7, 2014

                                Respectfully submitted,

                                PREET BHARARA
                                United States Attorney

                        By: s/Andrew S. Dember
                            ANDREW S. DEMBER
                            Assistant United States Attorney
                            Telephone: (212) 637-2563

<u>ATTORNEY'S AFFIRMATION OF SERVICE</u>

I, Andrew S. Dember, affirm under penalty of perjury that the following is true and correct, pursuant to 28 U.S.C. Section 1746:

I am an Assistant United States Attorney in the Southern District of New York.

On April 7, 2014, I caused a copy of the foregoing Memorandum of Law In Opposition To Rosa Abreu's Motion For Early Termination Of Supervised Release to be served on Rosa Abreu by United States Mail at the following address:

> Rosa Abreu
> 718 NW 111th Place
> Apt. #10
> Miami, Florida 33172

Dated:     New York, New York
           April 7, 2014

                    s/Andrew S. Dember
                    ANDREW S. DEMBER
                    Assistant United States Attorney
                    (212) 637-2563