UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

UNITED STATES OF AMERICA

           - v. -

ROSA ABREU,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

:
:
:     **PRELIMINARY ORDER OF**
      **FORFEITURE AS TO**
:     <u>MONEY JUDGMENT</u>
:
:     S1 06 Cr. 102 (JPO)
:
:

WHEREAS, on or about June 21, 2006, ROSA ABREU (the "Defendant"), among others, was charged in five counts of a sixteen-count Superseding Indictment, S1 06 Cr. 102 (RPP) (the "Indictment"), with conspiracy to commit embezzlement and money laundering in violation of Title 18, United States Code, Section 371 and 666(a)(1)(A) (Count One); embezzlement in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2 (Count Two); and money laundering in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Counts Twelve through Fourteen);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to $9,000,000 in United States currency, representing the amount of proceeds obtained from the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, 982(a)(3)(A), of any and all property, real or personal, that constitutes or is derived from proceeds

traceable to the gross receipts obtained, directly or indirectly, as a result of the commission of the offense charged in Count Two of the Indictment, including but not limited to $9,000,000 in United States currency, representing the amount of proceeds obtained from the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Twelve through Fourteen of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to $9,000,000 in United States currency, representing property involved in the money laundering offenses or is traceable to such property from the commission of the offenses charged in Counts Twelve through Fourteen of the Indictment;

WHEREAS, on October 31, 2008, the Defendant pled to guilty to Counts One, Two, Twelve, Thirteen, and Fourteen of the Indictment;

WHEREAS, the Government asserts that $1,414,531 in United States currency represents the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained and the property involved in the offenses charged in Counts Twelve through Fourteen of the Indictment;

WHEREAS, on or about October 24, 2008, the Court orally imposed a forfeiture money judgment against the Defendant in the amount of $1,414,531 in United States currency;

WHEREAS, the Government seeks the entry of a written money judgment in the amount of $1,414,531 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained and the property involved in the offenses charged in Counts Twelve through Fourteen of

the Indictment; for which the Defendant is jointly and severally liable with her co-defendants, Natarajan R. Venkataram a/k/a Raju, and D.V.S. Raju (the "Co-Defendants") and the forfeiture money judgments entered against the Co-Defendants in this case;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, and the property involved in the offenses charged in Counts Twelve through Fourteen of the Indictment cannot be located upon the exercise of due diligence; and

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offenses charged in Counts One, Two, and Twelve through Fourteen of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,414,531 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained and the property involved in the offenses charged in Counts Twelve through Fourteen of the Indictment for which the Defendant is jointly and severally liable with her Co-Defendants, and the forfeiture money judgments entered against the Co-Defendants in this case, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Money Judgment is final as to the Defendant, ROSA ABREU and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and

delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____          6/13/2024
                                          _____
        J. PAUL OETKEN                    DATE
     United States District Judge